**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------

BRYAN CORBETT,

        Plaintiff,          Civil No. 11-6560 (DMC)

    v.

                              O P I N I O N

PAUL LAGANA, et al.,

        Defendants.

------------------------------------

**APPEARANCES:**

Bryan Corbett, Pro Se
592940/525665C
Northern State Prison
168 Frontage Street
Newark, NJ 07114

**CAVANAUGH, District Judge**

    Plaintiff, a state prisoner confined at the Northern State Prison, Newark, New Jersey, brings this civil action alleging violations of his constitutional rights. He has applied to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915. At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint must be dismissed.

## BACKGROUND

According to his Statement of Claims (Complt., ¶ 6), Plaintiff states that he was "purposely and vindictively" placed "in a cell of ill form as a personal punishment," on March 11, 2011. He alleges that his placement in the cell caused him mental and emotional distress, and that wrote remedy forms which went unanswered.

Prior to that, from December 8, 2010 to January 6, 2011, he was "forced to live in a[n] inhumane area and manner without relief . . . ." He states that the cell was "a cold room without the proper linen[s], clothes or cosmetics of any sort," and that his remedies went unanswered.

Plaintiff asks to be moved to a different unit, and for monetary relief.

## DISCUSSION

### A. Legal Standard

#### 1. Standards for a *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding <u>in forma pauperis</u> or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to <u>sua sponte</u> dismiss any claim that is frivolous, malicious, fails to state a claim upon which

2

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is

facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S. Ct. at 1948).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See Iqbal, 129 S. Ct. at 1949-50. See also Twombly, 505 U.S. at 555, & n.3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

2. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the

4

Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

### B. Plaintiff's Claims

#### 1. Housing Assignment

Plaintiff's complaints concerning his temporary housing fail to state a claim upon which relief may be granted.

A liberty or property interest protected by the Due Process Clause may arise from either of two sources: from the Due Process Clause itself or from statute or regulation. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir. 1999).

With respect to convicted and sentenced prisoners, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976), quoted in Hewitt, 459 U.S. at 468 and Sandin v. Conner, 515 U.S. 472, 480, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Governments, however, by statute or regulation, may confer on prisoners liberty interests that are protected by the Due Process Clause. "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484 (finding that disciplinary segregation conditions which effectively mirrored those of administrative segregation and protective custody were not "atypical and significant hardships" in which a state conceivably might create liberty interest).

None of the losses enumerated by Plaintiff rises to the level of an "atypical and significant hardship ... in relation to the ordinary incidents of prison life," and, thus, even if they violate regulations guiding prison administration, none gives rise to procedural due process concerns.

More specifically, a prisoner does not have a liberty interest in a particular housing assignment within a prison system. See McKune v. Lile, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); Hewitt v. Helms, 459 U.S. 460 (1983) (no liberty interest in remaining in general population rather than administrative segregation); Asquith, 186

6

F.3d at 411-12 (return to prison from halfway house did not impose "atypical and significant hardship" on prisoner and, thus, did not deprive him of protected liberty interest); Barr v. DiGuglielmo, 2008 WL 2786424 (E.D. Pa. 2008) (no liberty interest in being housed in particular wing of prison).

In this case, Plaintiff's claims must be dismissed, as he has no constitutional right to a particular housing assignment.

### 2. Conditions of Confinement

"The Eighth Amendment's prohibition on 'cruel and unusual punishment' ... imposes on [prison officials] a duty to provide 'humane conditions of confinement.'" Betts v. New Castle Youth Dev., 621 F.3d 249, 256 (3d Cir. 2010) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)). An alleged deprivation, to rise to the level of an Eighth Amendment violation, must result in the denial of the minimal civilized measure of life's necessities. See Farmer, 511 U.S. at 835.

To state a claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component. See Wilson v. Seiter, 501 U.S. 294, 298 (1991); Counterman v. Warren Cnty. Corr. Fac., 176 Fed. Appx. 234, 238 (3d Cir. 2006). The objective component mandates that only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. See Helling v. McKinney, 509 U.S. 25, 32 (1993).

This component requires that the deprivation sustained by a prisoner be sufficiently serious, for only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. See Hudson v. McMillian, 503 U.S. 1, 9 (1992). The subjective component requires that the state actor have acted with "deliberate indifference," a state of mind equivalent to a reckless disregard of a known risk of harm. See Farmer, 511 U.S. at 835 (1994); Wilson, 501 U.S. at 303. A plaintiff may satisfy the objective component of a conditions of confinement claim by showing that the conditions alleged, either alone or in combination, deprive him of the minimal civilized measure of life's necessities, such as adequate food, clothing, shelter, sanitation, medical care, and personal safety. See Rhodes v. Chapman, 452 U.S. 337, 347-48 (1981).

However, while the Eighth Amendment directs that convicted prisoners not be subjected to cruel and unusual punishment, "the Constitution does not mandate comfortable prisons." Rhodes, 452 U.S. at 349. To the extent that certain conditions are only "restrictive" or "harsh," they are merely part of the penalty that criminal offenders pay for their offenses against society. See id. at 347.

The Court finds that the allegations as set forth by Plaintiff regarding his conditions while placed in the new wing from December 8, 2010 to January 6, 2011 and on March 11, 2011,

8

do not rise to the level of a serious constitutional deprivation. Plaintiff has alleged no facts to show that he has been deprived of basic hygiene and shelter needs for an extended period of time. Indeed, his allegations involve only loss of bed linens and heat for a very short period of time. His allegations of deprivation of "clothes and cosmetics" are not sufficient, as pled, to withstand <u>Iqbal</u> dismissal.

Therefore, this claim will be dismissed against all defendants for failure to state a claim.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate order accompanies this opinion.

DENNIS M. CAVANAUGH  
United States District Judge

Dated: 7/19/12